###### IN THE

# SUPREME COURT OF JUDICATURE

###### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1863, IN THE FORTY-SEVENTH YEAR OF THE STATE.

---

### SKEEN *v.* MONKEIMER.

PROVOST MARSHAL—ARREST.—A deputy Provost Marshal, directed by his superior military officer to arrest and send to headquarters all persons engaged in stealing, concealing, or preventing the delivery of any Government property, or any property to which the *United States* have any just claim, in any county of this State, can not, upon his own motion, and without proper legal process under the laws of *Indiana*, arrest and imprison any citizen upon suspicion that he has committed some crime; and any person so arrested and confined, may be discharged therefrom by the judge of any Court of competent jurisdiction, under the writ of *habeas corpus.*

APPEAL from the *Ripley* Circuit Court.

PERKINS, J.—The following special order was issued:

"HEADQUARTERS DISTRICT OF INDIANA AND MICHIGAN,
Indianapolis, August 5th, 1863.

Special Order No. 40.

Col. *Conrad Baker*, Assistant Provost Marshal General,

VOL. XXI.—1.

State of *Indiana,* will arrest and send to these headquarters all persons engaged in stealing, concealing, or preventing the delivery of any Government property, or any property to which the *United States* have just claim. Col. *Baker* will instruct his Provost Marshals accordingly.

By command of Brig. Gen. WILCOX.
Robert W. A. Hutchins, Capt. and A. A. Gen."

Col. *Baker,* by *John C. McGuiston,* Captain and Provost Marshal, forwarded the foregoing order to *Jeremiah D. Skeen,* Deputy Provost Marshal for *Ripley* county, *Indiana,* with instructions to prudently carry it into effect. In so doing, said Deputy Provost Marshal *Skeen,* apprehending that *Dederick Monkeimer* had stolen a horse belonging to the *United States,* arrested said *Monkeimer, mero motu,* and took him to the jail of *Ripley* county, and required the jailor to confine him therein, which said jailor refused to do; whereupon said Deputy Provost Marshal *Skeen* required the jailor to surrender the keys of the jail to him, which the jailor did; and thereupon said Deputy Provost Marshal *Skeen* locked said *Monkeimer* up in a cell of the jail. The next day *Monkeimer* obtained, through *Ed. P. Ferris,* Esq., his counsel, from Judge *Chapman,* of the *Ripley* Circuit Court, *Indiana,* a writ of *habeas corpus,* upon the return of which he was set at liberty by the judge, no verified charge of any offence whatever being preferred against said *Monkeimer.*

Deputy Provost Marshal *Skeen* appeals to this Court, on the ground that a judge of the State of *Indiana* had no jurisdiction or power to take *Monkeimer* from the prisoner's cell— he avers that he is Deputy Provost Marshal of the *United States* for *Ripley* county, and that he is, therefore, not liable to answer to a State tribunal in relation to any arrest he may make by color of that office, nor to obey the order of such a tribunal for the release of a prisoner so arrested.

Skeen *v.* Monkeimer.

We have said all that we desire to say on the general question of jurisdiction, in *The Ohio and Mississippi Railroad Co.* v. *Fitch*, 20 Ind. 498.

The case is simply this: Deputy Provost Marshal *Skeen* suspects that *Monkeimer* has stolen a horse, or concealed a horse, or prevented the returning of a horse, or something else belonging to the Federal Government, and he, without any charge being legally preferred, arrests *Monkeimer*, confines him in a felon's cell till it suits his convenience to send him to military headquarters. Now, if he can do this in one case, he can do it in all, and arrest every human being in his county and serve them in the same way, if he can find jailroom enough; and if Deputy Provost Marshal *Skeen* can do it in his county, then the Deputy Provost Marshals of all the counties in the *United States* can do it, and thus every citizen of the *United States* may be arrested, imprisoned, and sent to military headquarters at the mere pleasure of these military policemen, and all the States laid at once at the feet of military power. We can not assent to this doctrine. It would establish the most terrific despotism the world has ever witnessed. And it is not improper to add here the remark, that *Indiana* has never been in a condition to justify, according to any established principle of law, the superseding of the judicial by the military power, in the prosecution and punishment of crime; yet it is now matter of amazement, when we look back and see to what an extent this has been practiced, and the rights of personal liberty and personal security disregarded. Said Lord *Coke*, even in his partially barbarous age: "When the Courts of justice be open, and the judges and ministers of the same may by law protect men from wrong and violence, and distribute justice to all, it is said to be time of peace. So, when by invasion, insurrection, rebellions, or such like, the peaceable course of justice is disturbed and stopped, so as the Courts be, as it were, shut up, *et silent*

*inter leges arma*, then it is said to be time of war." Coke's Com. on Litt. Lib. iii, chap 7, sec. 412, p. 249, 6, as quoted in Law. Wheat. Int. Law, p. 525, note.

When has been the time that the Courts, both State and Federal, were not ready to act, and able to act, in *Indiana*, and that their officers could not arrest, and bring to them for punishment, upon legal warrant, any man charged, according to the forms of law prescribed by our Constitution, with crime?

We may say a word upon another point; and that is, that the orders of a superior officer to an inferior, to do an illegal act, may not be a protection from liability, on the part of such inferior officer, in the performance of such act. This was settled in the case of *Mitchell* v. *Harmony*, 13 How. (U. S.) Rep. 115. See, also, *Kendall* v. *The United States*, 12 Pet. 612, 613; *Mostyn* v. *Fabrigas*, Cowper, 161.

Indeed, it is the *English* doctrine that general warrants from the Crown or Privy Council to do illegal acts will not protect those who execute them. See *Fisher* v. *McGirr*, 1 Gray (Mass.) Rep. 1; S. C., 2 Am. L. Reg. p. 460.

*Per Curiam.*—The judgment below is affirmed, with costs.

*John K. Cravens*, for the appellant.

*Edwin P. Ferris*, for the appellee.